# PUMPHREY *v.* BOGAN.

PLEADING AND PRACTICE ; STATUTE OF LIMITATIONS ; AFFIDAVITS OF DEFENCE.

1. Under the practice in this District evidence of a new promise may be given under the general issue joined on a plea of the statute of limitations.
2. Affidavits of defence under the 73d rule of the Supreme Court of this District, allowing summary judgments on affidavits in actions *ex contractu* upon certain conditions, are to be liberally interpreted ; *following Lawrence* v. *Hammond*, 4 App. D. C. 467, and *Strauss* v. *Hensey*, 7 App. D. C. 289.
3. Neither demand nor express promise to pay are necessary to entitle a person to recover compensation for services rendered.
4. Where a plaintiff in his affidavit under the 73d rule in an action on an open account, a part of which on its face is barred by limitations, alleges a new promise within the statutory period, and the defendant in his affidavit states that he "never promised the plaintiff the said sum sued for," the defendant is entitled to trial.

No. 542. Submitted March 11, 1896. Decided April 29, 1896.

HEARING on an appeal by the defendant from a judgment under the 73d rule in an action on an open account. *Reversed.*

The COURT in its opinion stated the case as follows :

The appellee, Samuel W. Bogan, who was plaintiff below, sued the appellant, James W. Pumphrey, upon an account for $1,396, and obtained judgment through motion under the 73d rule of the Supreme Court of the District of Columbia. Defendant pleaded *non assumpsit* and the statute of limitations. As shown by the particulars of demand, attached to the declaration, the greater part of the account sued on had accrued due more than three years before the institution of the suit. Plaintiff did not file a replication alleging the new promise within three years ;

but in his affidavit under the rule aforesaid, stated that the defendant had repeatedly admitted the justice of the demand and promised to pay it within the three years; and that the last promise to pay was made within one month before suit was begun. Defendant alleged, in his affidavit in reply, "that the pleas to the declaration by this defendant are true, and are made and adopted as part of this affidavit of defence; that said action at law upon which this defendant is sued is barred by the statute of limitations; that no demand for said sum sued for was ever made upon this defendant by the plaintiff; that this defendant *never prom-ised the plaintiff the said sum sued for;* that said action at law is not grounded upon accounts between merchant and merchant," etc.

*Mr. J. J. Johnson* and *Mr. D. W. Baker* for the appellant.

*Mr. Peyton Gordon* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

The first objection to the judgment is founded on the insufficiency of the plaintiff's pleading, in that he failed to reply to the defendant's plea of the statute of limitations with an allegation of the new promise; his affidavit setting out the fact not being a part of the pleading as an equivalent of a formal replication. What the rules of pleading in this respect may be in other jurisdictions we need not inquire. Nor need we consider, in reaching a conclusion, whether the new promise constitutes the cause of action, with the original one as consideration therefor, or merely reanimates the old promise, and imparts vitality to the remedy thereon that had become extinct through lapse of time. Following the rule that prevailed in Maryland, the practice in this District has been long established, that evidence of the new promise may be given under the general issue joined on the plea of limitations. *Johnson* v. *Gregg,*

7 D. C. 142. We hold, therefore, that this objection is not well taken.

We are of the opinion, however, that the defendant's affidavit was sufficient in its denial of the plaintiff's cause of action to prevent the entry of summary judgment under the seventy-third rule. There are sound reasons for giving an affidavit of defence under this rule a liberal interpretation. As was said by the Chief Justice, in *Lawrence* v. *Hammond*, 4 App. D. C. 467, 474, "It must be borne in mind, that while the affidavit required of the plaintiff to entitle him to summary judgment under the rule may be determined to be insufficient, the party is left to pursue his action in the regular way to trial and judgment, if he be entitled to it. But with the defendant the rule operates very differently. If his affidavit of defence be adjudged insufficient, for any cause, judgment goes against him in favor of the plaintiff, and he is concluded without trial and without an opportunity to produce his evidence to refute the claim of the plaintiff, or to make good his defence to the action." Again, it was said: "If the facts stated by the defendant, by any reasonable or fair construction, will constitute a defence to the action or claim of the plaintiff, within the scope of the pleas pleaded, it is the absolute constitutional right of the defendant to have that defence regularly tried and determined, in due course of judicial investigation. No rule, however beneficial it may be thought to be, as means of preventing the use of sham or feigned defences, or desirable for the expedition of business, can deprive the defendant of this right." *Strauss* v. *Hensey*, 7 App. D. C. 289.

The statement, in the affidavit, that no demand had ever been made upon defendant, is not sufficient; because demand was not necessary to the maintenance of the action. If plaintiff rendered the services set out in the bill of particulars, at the request of the defendant, and which the defendant did not deny, neither demand nor express promise of payment were necessary to give the plaintiff his right of

action.   So if there had been no plea of limitation, and no bar thereof to the assertion of the claim, the statement in the affidavit, that " the defendant never promised the plaintiff the said sum sued for," would likewise have been immaterial.   But as the plaintiff was required, in order to avoid the statute of limitations, to prove a new promise within three years, the foregoing statement of the affidavit must be taken as a denial thereof.   The new promise was a necessary element of the plaintiff's case, and the denial that payment had ever been promised must be regarded as intended to put the fact in issue.

Bearing in mind the rule of liberality that prevails in the construction of affidavits of defence, we are to take the statements thereof, where we can do so reasonably, " in the sense in which they would be effectual, rather than in the sense in which they would be meaningless and unavailing." *The Richmond* v. *Cake*, 1 App. D. C. 477, 465.

For the error herein, the judgment must be *reversed, with costs to the appellant, and the cause remanded for a new trial ; and it is so ordered.*